UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINTON P. FROST,<br><br>    Plaintiff,<br><br>    v.<br><br>ADMIRAL MICHAEL S. ROGERS in his capacity as Director of the NATIONAL SECURITY AGENCY,<br><br>    Defendants. | Case No. 17-cv-01239-JCS<br><br>**ORDER REVIEWING CASE PURSUANT TO 28 U.S.C. § 1915** |

## I. INTRODUCTION

On March 9, 2017, Plaintiff Vinton Frost initiated this action against Admiral Michael S. Rogers in his capacity as the Director of the National Security Agency ("NSA"). Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's First Amended Complaint[1] should be dismissed under 28 U.S.C. § 1915(e)(2)(B).[2] For the reasons stated below, the Court dismisses Plaintiff's First Amended Complaint with leave to amend and vacates the June 9, 2017 Case Management Conference.

## II. ANALYSIS

Under 28 U.S.C. § 1915(e)(2)(B), a federal court should dismiss an in forma pauperis complaint that is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). A plaintiff's burden at the pleading stage is relatively light under Rule 8(a) of the Federal Rules of Civil Procedure. *See* Fed.R. Civ. P. 8(a)

---

[1] Plaintiff filed a First Amended Complaint on March 21, 2017. It is identical to the original complaint except that it demands a jury trial, which the original complaint did not.
[2] Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

(requiring, *inter alia*, that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). This is particularly true of complaints drafted by pro se plaintiffs, which are construed liberally to give the plaintiff the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Nonetheless, the factual allegations of a complaint must be definite enough to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In *Ashcroft v. Iqbal*, the Supreme Court explained that under *Twombly*, the complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). In addition, the court need not accept allegations that are "fantastic or delusional," "fanciful," or "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Here, Plaintiff alleges that his Fourth Amendment right to be free from unreasonable search and seizure has been violated, specifically alleging as follows:

> Defendant and his predecessors have operated an illegal surveillance system . . . [whereby the NSA] hijacks third-party mobile devices which are Bluetooth-enabled as well as wifi and cellular networks to enable unknown persons to identify me by location by "pinging" a subcutaneous RFID device implanted in a conspired 2007 surgery at Hoag Hospital in Newport Beach California. This ongoing set of violations has often lead to harassment, assault, battery (16-cv-05883 NC), and other serious criminal activity.

First Amended Complaint at 4. Without any specific factual allegations to support the existence of the alleged surveillance program or the alleged implantation of a subcutaneous pinging device, the Court finds that Plaintiff's allegations do not meet the plausibility standard of *Iqbal* and *Twombly*.

### III. CONCLUSION

The Court DISMISSES Plaintiff's complaint with leave to amend. Plaintiff's amended complaint shall be filed within thirty (30) days. The Case Management Conference currently set

for June 9, 2017 is vacated.

**IT IS SO ORDERED.**

Dated: May 15, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge